I respectfully dissent from the decision of the majority as I feel that the facts and circumstances justified the actions of the police officers in conducting a pat-down search and the motion to suppress should have been denied.
The appellant was pulled over while riding his bike in a business district at 4:20 a.m. on Lorain Avenue near West 50th. The officers pulled the appellant over for riding on the sidewalk, at which point the appellant stepped off his bike. Appellant was wearing a heavy jacket because it was the middle of winter. After being asked for identification, appellant stated he did not have any. At that point, the officers ran his name through the computer and while waiting for a response, and in accordance with their training and experience, the officers conducted a pat-down search of appellant for weapons to insure their safety. During the pat-down search, officers discovered a crack pipe.
In State v. Ambers (September 30, 1982), Cuyahoga App. No. 44349, unreported, 1982 Ohio App. LEXIS 11366, this court found a pat-down search by police officers to be proper under similar circumstances. In Ambers, the appellant was pulled over while riding his bike in the vicinity of East 21st Street and Prospect Avenue. The court noted in that case that:
 The arrest took place at a time and place where the police had reason to suspect that a substantial percentage of individuals whom they might stop might be inclined to be armed.
 n1 Prospect Avenue is not a safe place for pedestrians or automobile drivers, let alone for bicyclists riding alone at 5:00 a.m. on Sunday morning. The bizarre behavior of an individual riding along at this place and at that time on a bicycle would lead a prudent policeman to wonder whether the bicyclist was intoxicated or on drugs. Such a rider would be entirely imprudent if he were in the area alone without some kind of defensive item * * *.
The court concluded that the actions of the appellant gave the police a substantial reason to fear that the defendant might be armed and justified a pat-down search for their own protection.
Further, * * * when an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, he may conduct a limited protective search for concealed weapons. [Terry, supra]392 U.S., at 24, 88 S.Ct., at 1881. The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence, and thus the frisk for weapons might be equally necessary and reasonable * * *. State v. Johnson (Dec. 24, 1997), Cuyahoga App. No. 53805, unreported, 1987 Ohio App. LEXIS 10228, at 7-8.
In one of the officer's testimony, he stated that anyone can be armed and dangerous and that until I pat him down, I have no idea if he is or not. Given the location of the stop, the time of the stop, the fact that appellant was wearing a heavy winter coat which could have concealed a weapon and that he lacked any identification, the officers properly conducted a pat-down search for their own safety. Therefore, the evidence found should have been properly admitted and the motion to suppress should have been denied.